IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-23112-SEITZ/O'SULLIVAN

MARIA QUINTERO,             )
                )
        Plaintiff,        )
                )
v.                 )
                )
CARNIVAL CORPORATION,    )
                )
        Defendant.     )
                )

## JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff, MARIA QUINTERO ("Plaintiff"), and Defendant, CARNIVAL CORPORATION ("Defendant"), by and through their undersigned counsel and pursuant to the Court's Order Setting Trial Date, Pretrial Deadlines, and Referral to Magistrate dated January 28, 2009, hereby submit to the Court the following joint proposed jury instructions.

Dated:  January  29TH, 2010

Respectfully submitted,

CORNELL & ASSOCIATES, P.A.
*Attorneys for Plaintiff*
1792 Bell Tower Lane
Weston, FL 33326
Telephone:  (954) 524-2703
Facsimile:  (954) 524-2706
warecornell@gmail.com

AKERMAN SENTERFITT
*Attorneys for Defendant*
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
james.bramnick@akerman.com
jennifer.williams@akerman.com

By:   __G. Ware Cornell, Jr._____
        G. Ware Cornell, Jr. Esq. (203920)

By:   __Jennifer Taylor Williams_____
        James S. Bramnick, Esq.  (0056855)
        Jennifer Taylor Williams, Esq. (0174203)

# TABLE OF CONTENTS

JOINT PROPOSED JURY INSTRUCTION NO. 1
PRELIMINARY INSTRUCTION ................................................................................... 4

JOINT PROPOSED JURY INSTRUCTION NO. 2
BASIC INSTRUCTION ................................................................................................... 8

JOINT PROPOSED JURY INSTRUCTION NO. 3
EVIDENCE IN THE CASE ............................................................................................. 9

JOINT PROPOSED JURY INSTRUCTION NO. 4
CONSIDERATION OF THE EVIDENCE DUTY
TO FOLLOW INSTRUCTIONS CORPORATE
PARTY INVOLVED ...................................................................................................... 11

JOINT PROPOSED JURY INSTRUCTION NO. 5
CREDIBILITY OF WITNESSES .................................................................................. 13

JOINT PROPOSED JURY INSTRUCTION NO. 6
IMPEACHMENT OF WITNESSES,
INCONSISTENT STATEMENTS ................................................................................. 14

JOINT PROPOSED JURY INSTRUCTION NO. 7
BURDEN OF PROOF .................................................................................................... 15

JOINT PROPOSED JURY INSTRUCTION NO. 8
FAMILY & MEDICAL LEAVE ACT
INTERFERENCE CLAIM .............................................................................................. 16

JOINT PROPOSED JURY INSTRUCTION NO. 9
PLAINTIFF'S ACTIONS IN OBTAINING
LEAVE ........................................................................................................................... 19

JOINT PROPOSED JURY INSTRUCTION NO. 10
DEFENDANT'S WHOLLY UNRELATED
REASONS ...................................................................................................................... 20

JOINT PROPOSED JURY INSTRUCTION NO. 11
DEFENDANT'S HONEST AND REASONABLE
SUSPICION ................................................................................................................... 21

JOINT PROPOSED JURY INSTRUCTION NO. 12
DAMAGES ..................................................................................................................... 22

JOINT PROPOSED JURY INSTRUCTION NO. 13
DUTY TO MITIGATE ................................................................................................... 23

JOINT PROPOSED JURY INSTRUCTION NO. 14
    ATTORNEY'S FEES AND COURT COSTS ............................................................... 24

JOINT PROPOSED JURY INSTRUCTION NO. 15
    DUTY TO DELIBERATE WHEN ONLY THE
    PLAINTIFF CLAIMS DAMAGES ....................................................................... 25

JOINT PROPOSED JURY INSTRUCTION NO. 16
    ELECTION OF FOREPERSON/EXPLANATION
    OF VERDICT FORM(S) ................................................................................. 26

## JOINT PROPOSED JURY INSTRUCTION NO. 1

## PRELIMINARY INSTRUCTION

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict, you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you -- the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available.**  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available.**   On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, do not be concerned because you will get to see and study it later during your deliberations.

* * * * * * * * *

**Note taking Permitted**.  If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates, and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

* * * * * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a

witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

* * * * * * * *

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."   When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

**AUTHORITY:** Preliminary Instruction Before Trial, <u>Eleventh Circuit Pattern Jury Instructions Civil Cases,</u> (2005 ed. West).

GIVEN _____
REFUSED _____
AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 2

### BASIC INSTRUCTION

MEMBERS OF THE JURY:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

**AUTHORITY:**  Introductory Instruction, <u>Eleventh Circuit Pattern Jury Instructions Civil Cases</u>, (2005 ed. West).

GIVEN _____
REFUSED _____
AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 3

### EVIDENCE IN THE CASE

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts which may have been judicially noticed, and which I instruct you to take as true for the purpose of the case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with counsel for each party being entitled to ask questions.  Testimony produced in a deposition may be read to you in open court.  Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.  They are only intended to assist the jury in understanding the evidence and the position and contentions of the parties.  When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The Court may take judicial notice of certain facts or events.  When the Court declares that it will take judicial notice of some fact or event, you must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Any evidence as to which an objection is sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.  Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.  Also, some

evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

**AUTHORITY:**  Volume 3,  <u>Federal Jury Practice and Instructions</u>, § 70.03.

GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 4

### CONSIDERATION OF THE EVIDENCE
### DUTY TO FOLLOW INSTRUCTIONS
### CORPORATE PARTY INVOLVED

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with the law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - that is, the testimony of the witnesses and the exhibits I have admitted in the record - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and in interpretation of the facts that controls.

**AUTHORITY**: Basic Instruction 2.2, <u>Eleventh Circuit Pattern Jury Instructions Civil Cases</u>, (2005 ed. West).

GIVEN  _____

REFUSED  _____

AMENDED  _____

## JOINT PROPOSED JURY INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

**AUTHORITY:** Basic Instruction 3, <u>Eleventh Circuit Pattern Jury Instructions Civil Cases</u>, (2005 ed. West).

GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 6

### IMPEACHMENT OF WITNESSES, INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**AUTHORITY:** Basic Instruction 4.1, <u>Eleventh Circuit Pattern Jury Instructions Civil Cases</u>, (2005 ed. West).

GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 7

### BURDEN OF PROOF

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or defense is more likely true than not true.

You should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or defense by a preponderance of the evidence, you should find against the party making that claim or defense.


**AUTHORITY:** Basic Instruction 6.2, <u>Eleventh Circuit Pattern Jury Instructions Civil Cases</u>, (2005 ed. West).

GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 8

## FAMILY & MEDICAL LEAVE ACT INTERFERENCE CLAIM

The Plaintiff has brought this claim under the Family and Medical Leave Act, also known as the FMLA. The FMLA entitles eligible employees to take up to twelve weeks of leave during any twelve-month period in certain circumstances, including for the intended purpose of caring for a parent with a serious health condition. In this case, Plaintiff took FMLA leave for the intended purpose of caring for her mother. An employee is "needed to care for" a parent with a serious health condition when the family member is unable to care for his or her own basic medical, hygienic, or nutritional needs or safety; or is unable to transport himself or herself to the doctor. Providing care to a parent under the FMLA requires some actual care and an employee is only entitled to FMLA leave for the period in which the employee actually cares for a parent. An employee is entitled to be restored to her job on return from FMLA leave, but only where the employee takes leave for the intended purpose of providing care for a parent with a serious health condition. Additionally, an employee's absences are not protected by the FMLA and she is not entitled to job restoration under the FMLA if she fraudulently obtains the FMLA leave. The FMLA prohibits an employer from interfering with an employee's exercise of rights under the FMLA.

In this case, the Plaintiff claims that the Defendant violated the FMLA and interfered with Plaintiff's rights under the FMLA by terminating her from employment and, therefore, denying her job restoration after Plaintiff took FMLA leave to care for her mother.

The Defendant denies that it violated the FMLA in any way and asserts three defenses as to why Plaintiff was not entitled to be restored to her job under the FMLA. First, that Plaintiff's absence from work on November 22, 2006, was not protected by the FMLA because Plaintiff

fraudulently obtained FMLA leave that day.  Second, that Plaintiff was terminated from her employment for reasons wholly unrelated to her FMLA leave - because she violated Defendant's Leave of Absences Policy by abusing FMLA-approved leave for an unintended purpose and because she violated Defendant's Rules of Conduct by being untruthful with her supervisor and failing to properly report her whereabouts to her supervisor. Third, that Defendant had an honest and reasonable suspicion that Plaintiff abused her FMLA leave by using her leave for an unintended purpose.

In order to prevail on her claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:        That the Plaintiff was entitled to a benefit under the
              FMLA; and

Second:       That the Defendant denied her this FMLA benefit.

Here, there are two FMLA benefits at issue: (1) FMLA leave; and (2) job restoration. The parties do not dispute that Plaintiff requested the FMLA benefit of taking leave to care for her mother and that the Defendant granted Plaintiff that benefit.  The dispute in this case is whether Plaintiff was entitled to job restoration.  To prove her entitlement to this FMLA benefit, Plaintiff must prove that she took FMLA leave on November 22, 2006, for the intended purpose of caring for her mother.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues as well as other issues in the case.]

You should be mindful, however, that the law applicable to this case requires only that an employer cause an employee to suffer an adverse employment action because an employee requested or took leave.  So as far as you are concerned in this case, an employer may terminate an employee's employment for any other reason, good or bad, fair or unfair, and you must not

second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

**AUTHORITIES**: Federal Claims Instruction 1.8.1, Eleventh Circuit Pattern Jury Instructions Civil Cases, (2005 ed. West) (as modified); Federal Jury Practice and Instructions, § 179.30; 29 U.S.C. § 2614(a)(1); 29 C.F.R. § 825.216(d). *See also Brown v. J.C. Penney Corp.,* 924 F.Supp. 1158 (S.D. Fla. 1996); *Tellis v. Alaska Airlines, Inc.,* 414 F.3d 1045, 1047 (9th Cir. 2005).

GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 9

### PLAINTIFF'S ACTIONS IN OBTAINING LEAVE

If you find that Plaintiff has established her interference claim under the FMLA, you must then consider the Defendant's defenses, as to which the Defendant bears the burden of proof by a preponderance of the evidence. Defendant's first defense is that Plaintiff fraudulently obtained FMLA leave on November 22, 2006, and, therefore her absence from work that day was not covered by the FMLA and she was not entitled to be restored to her job with Defendant. If you find that Plaintiff fraudulently obtained FMLA leave on November 22, 2006, then Defendant is not liable for interfering with Plaintiff's rights under the FMLA and your verdict must be for Defendant.

**AUTHORITY:** Federal Claims Instruction 1.4.1, Eleventh Circuit Pattern Jury Instructions Civil Cases, (2005 ed. West) (as modified); 29 C.F.R. § 825.216(d).

GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 10

## DEFENDANT'S WHOLLY UNRELATED REASONS

Under the FMLA, Plaintiff has no greater right to job restoration or to other benefits and conditions of employment than if she had been continuously employed during the FMLA leave period and Defendant is not liable if it can establish that its reasons for terminating Plaintiff's employment were wholly unrelated to Plaintiff's FMLA leave.  Defendant's second defense is that Plaintiff was terminated because she violated Defendant's Leave of Absences Policy by abusing FMLA-approved leave for an unintended purpose and because she violated Defendant's Rules of Conduct by being untruthful with her supervisor and failing to properly report her whereabouts to her supervisor. If you find that Defendant has proven this defense by a preponderance of the evidence, your verdict must be for Defendant.

**AUTHORITIES:** Volume 3C, Federal Jury Practice and Instructions, § 179.50; Federal Claims; *Strickland v. and Sewer Bd. Of the City of Birmingham*, 239 F.3d 1199, 1208 (11th Cir. 2001); *O'Connor v. PCA Family Health Plan, Inc.,* 200 F.3d 1349, 1354 (11th Cir. 2000); 29 C.F.R § 825.216(a). *See also Martin v. Brevard County Public Schools,* 543 F.3d 1261, 1267 (11th Cir. 2008) (an employee's FMLA rights "are not absolute"); *Strickland v. Water Works and Sewer Bd. of the City of Birmingham,* 239 F.3d 1199, 1208 (11th Cir. 2001) ("an employer can deny the right to reinstatement, however, if it can demonstrate that it would have discharged the employee had he not been on FMLA leave.").  *Stallings v. Hussmann Corp.,* 447 F.3d 1041, 1051 (8th Cir. 2006); *Bones v. Honeywell,* 366 F.3d 869, 877 (10th Cir. 2004) (an FMLA interference claim fails where employer establishes that employee would have been terminated regardless of FMLA leave request); *Edgar v. JAC Products, Inc.,* 443 F.3d 501, 507-08 (6th Cir. 2006) (the FMLA is not a strict liability statute and an employee's interference claim fails if employer has legitimate reason for action unrelated to exercise of FMLA rights);  *Grubb v. Southwest Airlines*, 296 Fed. Appx. 383 (5th Cir. 2008) (an employer is not liable for FMLA interference if it would have made the same decision regardless of employee's FMLA rights); *Jenkins v. Verizon Comms., Inc.,* 2009 WL 960100, *5 (M.D. Fla. Apr. 6, 2009) ("where an employer discharges an employee for reasons unrelated to FMLA leave, the employee cannot support a claim for interference.").

GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 11

### DEFENDANT'S HONEST AND REASONABLE SUSPICION

Defendant's third affirmative defense is that it had an honest and reasonable suspicion that Plaintiff abused her FMLA leave by using her leave for an unintended purpose. If you find that Defendant had an honest and reasonable suspicion that Plaintiff abused her FMLA leave time by using the leave for an unintended purpose, Defendant is not liable, even if Defendant was mistaken in this suspicion. Your verdict must be for Defendant.

**AUTHORITY:** Volume 3C, Federal Jury Practice and Instructions, § 179.54; *see also Moughari v. Publix Super Markets, Inc.,* 1998 WL 307454, *2 (N.D. Fla. Apr. 27, 1998), *aff'd without opinion,* 170 F.3d 188 (11th Cir. 1999); *Medley v. Polk Co.,* 260 F.3d 1202 (10th Cir. 2001); *Kariotis v. Navistar Int'l Transp. Corp.,* 131 F.3d 672 (7th Cir. 1997); *Williamson v. Parker Hannifin Corp.,* 208 F.Supp.2d 1248, 1250 (N.D. Ala. 2002).

GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 12

### DAMAGES

If you find that the Plaintiff has proved each element of her claim and that the Defendant has not proved any of its affirmative defenses, you must then decide the issue of Plaintiff's damages.  If Plaintiff has proven by a preponderance of the evidence that she lost pay or benefits because of the Defendant's alleged violation of the FMLA, then the Plaintiff may recover damages in an amount equal to the net pay or benefits shown by the evidence to have been lost from the time of Defendant's employment decision which violated the FMLA until the date of your verdict.

It is Plaintiff's burden to prove by a preponderance of the evidence that she actually suffered damages and that such damages were caused by Defendant.  The FMLA does not permit you to award Plaintiff damages for emotional distress, mental anguish, or pain and suffering.

**AUTHORITIES**: Federal Claims Instruction 1.8.1, <u>Eleventh Circuit Pattern Jury Instructions Civil Cases</u>, (2005 ed. West); 29 U.S.C. §2617(a)(1)(A).

GIVEN  _____

REFUSED  _____

AMENDED  _____

## JOINT PROPOSED JURY INSTRUCTION NO. 13

### DUTY TO MITIGATE

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

**AUTHORITY:**  Federal Claims Instruction 1.8.1, Eleventh Circuit Pattern Jury Instructions Civil Cases, (2005 ed. West).

GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 14

### ATTORNEY'S FEES AND COURT COSTS

If you find for the Plaintiff, you must not take into account any consideration of attorney's fees or court costs in deciding the amount of her damages.  The matter of attorney's fees and court costs will be decided later by the Court.


**AUTHORITY:**    Supplemental Damages Instruction 6.1, <u>Eleventh Circuit Pattern Jury Instructions Civil Cases</u>, (2005 ed. West).


GIVEN _____

REFUSED _____

AMENDED _____

## JOINT PROPOSED JURY INSTRUCTION NO. 15

**DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**AUTHORITY:**  Basic Instruction 7.1, <u>Eleventh Circuit Pattern Jury Instructions Civil Cases</u>, (2005 ed. West).

GIVEN _____

REFUSED _____

AMENDED _____

<u>JOINT PROPOSED JURY INSTRUCTION NO. 16</u>

**ELECTION OF FOREPERSON/EXPLANATION OF VERDICT FORM(S)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or questions and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at that time.

**AUTHORITY**: Basic Instruction 8, <u>Pattern Jury Instructions Civil Cases</u>, U.S. Eleventh Circuit District Judges Association (2005 ed. West).

GIVEN _____

REFUSED _____

AMENDED _____